## BROWN SHOE CO. v. CUFF.

No. 2795.   Opinion Filed May 20, 1913.

Rehearing Denied June 20, 1913.

(132 Pac. 1090.)

PLEADING—Construction—Objections on Appeal. Where the sufficiency of the averments of a counterclaim is challenged for the first time in this court, and where the evidence taken thereon at the trial is not brought into the record, the fact that the averments were subject to a motion to make more definite and certain, and are not as full and comprehensive as they should be, is not of itself enough to justify this court in holding them insufficient to support a judgment.

(Syllabus by Brewer, C.)

*Error from County Court, Pottawatomie County;
Ross F. Lockridge, Judge.*

Action by the Brown Shoe Company against J. J. Cuff. Judgment for defendant, and plaintiff brings error. Affirmed.

*R. N. McConnell,* for plaintiff in error.

*Baldwin & Carlton* and *C. G. Pitman,* for defendant in error.

Opinion by BREWER, C. On the 10th day of October, 1910, a judgment was rendered in this cause against the plaintiff in error, plaintiff below, adjudging against its cause of action as alleged, and awarding judgment to the defendant on his counterclaim. The journal entry of the judgment recites:

"Said cause having been duly and regularly set down by the court for trial on said day, and both plaintiff and defendant having been duly notified by a personal letter from the

judge of said court of the said setting of said cause, * * * whereupon the court heard the evidence of said defendant," etc.

On December 10, 1910, the plaintiff filed a motion to vacate and set aside the judgment of October 10th, on the ground that plaintiff had not been notified that the cause had been set for trial on the date it was tried, and that therefore plaintiff was not present at the trial. On December 20, 1910, the court heard the motion to vacate and set aside its former judgment and overruled same. Plaintiff was again not present or represented. The order recites:

"The matter of the motion to set aside and vacate judgment in the above-entitled cause coming on regularly for hearing, the same having been set down for hearing by the court on December 20, 1910, at 2 o'clock p. m., *and the plaintiff and defendant having been both duly and regularly notified of such setting,*" etc. (Italics ours.)

The case then seems to have peacefully slept until May 2, 1911, when plaintiff filed a motion to vacate and set aside the order overruling its former motion to vacate the judgment; the ground alleged being the same as in the first motion, viz., because the plaintiff was not present when the order was made, and had not been notified of the hearing. On May 8, 1911, a new judge having been elected and qualified, this motion was heard and overruled. The plaintiff brings the case here for review on transcript.

The main issue on the motion seems to have been a question of veracity between the judge of the court and plaintiff's counsel on the fact of notice. The record is against the plaintiff. While its counsel profess the uttermost and untiring diligence, the facts are against them. The first motion to vacate for want of notice was overruled December 20, 1910, and a record made of same, yet even with their past experience, they delay nearly five months before complaining, and until another judge is on the bench. Then an appeal is promptly taken and lodged in this court on June 30, 1911. The case seems then to have been again lost sight of, because notwithstanding

at that time a rule of the court required a brief from appellant within 40 days, nothing was filed for nearly two years, when, on March 17, 1913, after the case had been assigned for submission and decision, a brief was filed attacking the averments of defendant's counterclaim, although its sufficiency had never been questioned in the pleadings, nor in the petition in error, unless by inference. The averments in the counterclaim are neither definite, specific, nor certain. It was open to a motion to make it so. Not being attacked in any way, however, and evidence having been heard by the court, which has not been brought into the record, we cannot say that the averments are wholly insufficient to support the judgment. If the judgment in this case is inequitable or unjust, the plaintiff certainly ought not to blame this court.

The judgment should be affirmed.

By the Court: It is so ordered.